# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| THOMAS J. WASHINGTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 10-4113-RDR |
| J.E. DUNN CONSTRUCTION, | ) |
| Defendant. | ) |

## ORDER

On October 19, 2010, the court denied without prejudice plaintiff's motion for appointment of counsel. The court found plaintiff had not shown he had made a reasonably diligent effort to obtain counsel without court assistance. On November 10, 2010, the clerk's office docketed a letter from plaintiff informing the court of the efforts he has made to secure representation. Out of an abundance of caution, the court construes the letter as a second request for appointment of counsel. For the reasons explained below, the request is denied.

Whether to appoint counsel in an employment discrimination action is within the district court's broad discretion.[1] A plaintiff has no constitutional or statutory right to appointed counsel in a federal civil case.[2] The court considers several factors when deciding whether to appoint counsel in Title VII and other employment discrimination cases arising under federal law.[3] "Before counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.3d 1417, 1420 (10th Cir. 1992).

[2] *Id.*

[3] *See Leo v. Garmin Intern.*, No. 10-2495-JTM-DJW, 2010 WL 4174643, at *1 (Oct. 20, 2010) (applying in the *Castner* factors in a Title VII and Age Discrimination in Employment Act case).

discrimination."[4] In close cases, the court may consider the plaintiff's ability to prepare and present the case without counsel.[5]

The first factor—plaintiff's financial ability to retain counsel—weighs in favor of appointment. The court has already found plaintiff lacked the ability to pay the filing fee in this case, and the court has granted plaintiff *in forma pauperis* status. The remaining factors, however, weigh against appointment.

When the court denied plaintiff's first motion for appointment of counsel, the undersigned granted plaintiff leave to file a renewed motion for appointment of counsel after he contacted the Lawyer Referral Service and made a good faith effort to secure representation on his own. However, plaintiff has submitted a letter stating that the Lawyer Referral Service requested that he pay a $1,500 fee before it would help him. He states that because he lacked sufficient funds to pay the fee, he was unable to utilize this service. A staff member from the undersigned's chambers has contacted the Lawyer Referral Service and has verified it charges no such fee. Plaintiff has not set forth an adequate explanation as to why he has failed to obtain from the Lawyer Referral Service the names of attorneys who represent plaintiffs in employment discrimination actions. There are a number of attorneys in the Topeka area who handle these types of cases and offer contingent fee payment arrangements. Plaintiff's letter indicates he has only sought representation from Washburn University School of Law. Based on the availability of attorneys in this geographical area who represent employment discrimination plaintiffs and given that plaintiff has only contacted one entity that represents civil litigants, the court concludes plaintiff has not demonstrated he has made a

---

[4] *Castner*, 979 F.2d at 1421.

[5] *Id.*

reasonably diligent effort to obtain counsel.

The third factor—meritorious allegations of discrimination—also weighs against appointment of counsel. Plaintiff's complaint contains virtually no factual allegations, and it is not clear whether plaintiff has exhausted his administrative remedies before filing this action. Because these factors weigh against appointment of counsel, this is not a "close case," and the court need not consider plaintiff's ability to prepare and present his case. For these reasons, plaintiff's request for appointment of counsel is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's request for appointment of counsel (ECF No. 7) is hereby denied.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2011, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge