IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

THOMAS J. WASHINGTON,

        Plaintiff,
vs.                               **Case No. 10-4113-RDR**

J. E. DUNN CONSTRUCTION,

        Defendant.

**O R D E R**

This matter is presently before the court upon defendant's motion to dismiss. Defendant seeks to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) because plaintiff has failed to properly plead exhaustion of administrative remedies and failed to plead the elements of claim under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act. Having carefully reviewed the background, the court is now prepared to rule.

Plaintiff, proceeding pro se, filed his complaint on September 15, 2010. At that time, he also sought (1) to proceed *in forma pauperis* and (2) appointment of counsel. Magistrate Sebelius subsequently granted leave to proceed *in forma pauperis*. He denied plaintiff's motion for appointment of counsel without prejudice. He indicated that plaintiff had not made a showing of a diligent effort to obtain counsel. Plaintiff filed a response to the order on November 11, 2010. In that response, he suggested that he had

made some additional efforts to obtain counsel, but had been unsuccessful. The defendant filed the instant motion to dismiss on December 3, 2010. Magistrate Sebelius considered plaintiff's additional efforts to obtain counsel in an order issued on January 13, 2011. Magistrate Sebelius continued to find that plaintiff had not demonstrated that he had made a reasonably diligent effort to obtain counsel. He further noted that plaintiff's allegations of discrimination and exhaustion were not strong. Accordingly, he again denied plaintiff's request for the appointment of counsel. This court allowed plaintiff until January 31, 2011 in which to file a response to defendant's motion to dismiss. Plaintiff filed a response on January 25, 2011. In the response, plaintiff simply reiterated that he needed counsel to assist him and that he had made some efforts but was unsuccessful. He further indicated that his claims had merit and the court should help him either find counsel or assist him with his case.

The court begins by assessing plaintiff's response. To the extent that the plaintiff seeks review or reconsideration of the magistrate's order concerning appointment of counsel, the court shall deny it. The court agrees with the magistrate that plaintiff has not sufficiently demonstrated diligent efforts to obtain counsel. Plaintiff has failed to provide any detail concerning his efforts. The court is aware of a number of attorneys who handle employment discrimination actions. Plaintiff has made no showing

2

that he contacted any of them.

With this decision, the court shall turn to the merits of defendant's motion. The court must construe a pro se's complaint liberally. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). However, this liberal treatment is not without limits. Id. A pro se party must follow the same rules of procedure that govern other litigants. Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

The court notes initially that the arguments raised by the defendant appear to have merit. The complaint filed by the plaintiff has no allegations of any race or disability discrimination. Moreover, the complaint fails to state that plaintiff has received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). However, plaintiff attached to his complaint an affidavit he filed with the State of Kansas Human Rights Commission (KHRC) and a "Case Summary Report" from the KHRC. Given the allegations contained in the affidavit, the court shall allow plaintiff some additional time to amend his complaint in this case. In addition, the court shall allow plaintiff additional time to state that he has received a right-to-sue letter from the EEOC if that has occurred. He should attach the right-to-sue letter to any pleading that he subsequently files. The court takes these steps in an abundance of caution. The court does not intend to assist or aid plaintiff in the prosecution of

this case, but the court believes that these steps are necessary in light of what has been presented to the court. See Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991) (pro se litigants should be given a reasonable opportunity to remedy the defects in their pleadings). Accordingly, the court shall allow plaintiff until February 28, 2011 in which to file an amended complaint.

**IT IS THEREFORE ORDERED** that plaintiff be allowed until February 28, 2011 to file an amended complaint that addresses the problems noted in the defendant's motion to dismiss. Failure to do so will result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 17th day of February, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge