IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

THOMAS J. WASHINGTON,

        Plaintiff,

vs.                                **Case No. 10-4113-RDR**

J.E. DUNN CONSTRUCTION,

        Defendant.

## **MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant's motion to dismiss. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

Some background is necessary to put this order in context. In the order of February 17, 2011, the court provided the following background:

> Plaintiff, proceeding pro se, filed his complaint on September 15, 2010. At that time, he also sought (1) to proceed *in forma pauperis* and (2) appointment of counsel. Magistrate Sebelius subsequently granted leave to proceed *in forma pauperis*. He denied plaintiff's motion for appointment of counsel without prejudice. He indicated that plaintiff had not made a showing of a diligent effort to obtain counsel. Plaintiff filed a response to the order on November 11, 2010. In that response, he suggested that he had made some additional efforts to obtain counsel, but had been unsuccessful. The defendant filed the instant motion to dismiss on December 3, 2010. Magistrate Sebelius considered plaintiff's additional efforts to obtain counsel in an order issued on January 13, 2011. Magistrate Sebelius continued to find that plaintiff had not demonstrated that he had made a reasonably diligent effort to obtain counsel. He further noted that plaintiff's allegations of discrimination and exhaustion were not strong. Accordingly, he again denied plaintiff's request for the appointment of counsel. This

court allowed plaintiff until January 31, 2011 in which to file a response to defendant's motion to dismiss. Plaintiff filed a response on January 25, 2011. In the response, plaintiff simply reiterated that he needed counsel to assist him and that he had made some efforts but was unsuccessful. He further indicated that his claims had merit and the court should help him either find counsel or assist him with his case.

The court, in the order of February 17th, agreed with the magistrate that the plaintiff had not demonstrated diligent efforts to obtain counsel. The court then indicated that the arguments raised by the defendant in the motion to dismiss "appear to have merit." The court noted that (1) the complaint contained no allegation of race or disability discrimination; and (2) the complaint failed to allege that plaintiff had received a right-to-sue letter. Nevertheless, the court allowed plaintiff until February 28, 2011 to file an amended complaint to correct these deficiencies. The court advised plaintiff that "[f]ailure to do so will result in the dismissal of this case."

On February 24, 2011, plaintiff filed his right-to-sue letter. The defendant filed a response to this filing on March 2, 2011. In that response, defendant requested dismissal, indicating that plaintiff had failed to file an amended complaint that addressed the problems noted in its motion to dismiss. Thereafter, on March 7, 2011, plaintiff filed a document labeled "amended complaint." In the amended complaint, he asserts that he has given the court "everything the court asked for." He further states that he has "shown the court good allegations of all Disability and

2

Discrimination."

The initial complaint filed by the plaintiff was on a form document provided by the clerk's office. There is a portion of that complaint titled "Statement of Claim." Under that title, the following information is stated:

> State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].

Plaintiff wrote the following under that section: "lost wages, lost health insurance, mentally, lost Job References, can't work any where, ect (sic), damaged my Retirement, lost of conference (sic)."

The complaint contains no other allegations of race discrimination or disability discrimination. The "amended complaint" contains no additional allegations except for an allegation that a supervisor named Wayne told him that he was being laid off due to disability and lack of work.

The court has certain obligations in dealing with pro se litigants. The court must construe a pro se's complaint liberally. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). However, this liberal treatment is not without limits. Id. A pro se party must follow the same rules of procedure that govern other litigants.

Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Following the issuance of the court's order of February 17th, plaintiff did not timely file an amended complaint. Rather, plaintiff simply filed a copy of a right-to-sue letter. The court is satisfied that the filing of this document properly addressed the issue of lack of administrative exhaustion raised by the defendant in its motion to dismiss. The letter was issued on September 2, 2010. This case was filed on September 15, 2010. Thus, this action was timely filed for the purposes of Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA). Plaintiff, however, failed to add any additional allegations to his complaint. He waited until March 7, 2011 to file what he labeled as an amended complaint. As a result, the court shall now consider the other issue raised by the defendant in its motion to dismiss. The defendant has argued that plaintiff has failed to properly plead the elements of a claim under either Title VII or the ADA.

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). To survive a motion to dismiss under Rule 12(b)(6), a

4

complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

The court has carefully reviewed the complaint. As noted previously, the complaint contains no allegations of racial or disability discrimination. In the order of February 17th, the court gave plaintiff another opportunity to file an amended complaint with appropriate allegations. Plaintiff failed to do so until

5

after the deadline established by the court. The court finds that the amended complaint is untimely. Moreover, even if we were to consider it, the court would find that it fails to state a claim for race or disability discrimination. Accordingly, the court shall grant the defendant's motion to dismiss, finding that plaintiff's complaint fails to state a claim upon which relief can be granted.

The court has made repeated efforts in this case to provide fair treatment to the pro se plaintiff. The order issued on February 17th was one last opportunity for the plaintiff to correct the deficiencies in his complaint. As noted previously, the court recognizes its obligation to hold the pleadings of pro se litigants to a less stringent standard than formal pleadings drafted by lawyers. Liberal construction does not, however, "'relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The court simply finds that, despite several chances, plaintiff has failed to allege sufficient facts on which any legal claim can be based.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 11) be hereby granted. The court dismisses plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

**IT IS SO ORDERED.**

Dated this 21st day of March, 2011 at Topeka, Kansas.

                                            s/Richard D. Rogers
                                            United States District Judge